IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| McDONALD'S CORPORATION, a Delaware Corporation, and DIC ENTERTAINMENT CORPORATION, a Delaware Corporation,<br><br>           Plaintiffs,<br>v.<br><br>CHINA RETAIL MANAGEMENT LIMITED, organized under the laws of British Virgin Islands, CORNERSTONE OVERSEAS INVESTMENT LIMITED, organized under the laws of British Virgin Islands,<br><br>           Defendants. | Case No. 07C 4443<br><br>Judge David H. Coar<br><br>Magistrate Judge Nan R. Nolan |

### NOTICE OF FILING

To:    Thomas P. Swigert
         Dorsey & Whitney
         Suite 1500
         50 South Sixth St.
         Minneapolis, MN
         55402-1498

    Please take notice that on Friday, August 31, 2007, Plaintiffs McDonald's Corp. and DIC Entertainment Corp. caused to be filed with the United States District Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn St., Chicago, Illinois 60604, Defendant China Retail Management Ltd.'s Waiver of Service of Summons, a copy of which is attached and herewith served upon you.

Date:    August 31, 2007           Respectfully submitted,

                                                      **/s Ashley J. Burden**
                                                      Jonathan C. Bunge
                                                      David E. Grassmick
                                                      Ashley J. Burden
                                                      KIRKLAND & ELLIS LLP
                                                      200 East Randolph Drive
                                                      Chicago, Illinois 60601
                                                      Telephone:   312-861-2000
                                                      Facsimile:   312-861-2200

                                                      *Attorneys for Plaintiffs McDonald's Corporation*
                                                      *and DIC Entertainment Corporation*

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: <u>Thomas P. Swigert, Attorney for China Retail Management Ltd.</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>China Retail Management Ltd.</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>McDONALD'S CORP., et al v. CHINA RETAIL MANAGEMENT LTD., et al</u>,
(CAPTION OF ACTION)

which is case number <u>07 C 4443</u> in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>August 30, 2007</u>
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>August 31, 2007</u>                    <u>[signature]</u>
(DATE)                                  (SIGNATURE)

Printed/Typed Name: <u>Tom Swigert</u>

As <u>Counsel</u> of <u>China Retail Management Ltd.</u>
   (TITLE)         Per    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## CERTIFICATE OF SERVICE

The undersigned, one of the Attorneys for Plaintiffs, hereby certifies that on August 31, 2007, he did cause a true and correct copy of the foregoing Notice of Filing and attached Waiver of Service of Summons to be filed electronically pursuant to the Court's CM/ECF System, and further states that he shall comply with Local Rule 5.5 as to the following, who are not Filing Users, by serving the foregoing as follows:

> Thomas P. Swigert
> Dorsey & Whitney
> Suite 1500
> 50 South Sixth St.
> Minneapolis, MN
> 55402-1498
> *By Federal Express Overnight Mail, Facsimile, and Electronic Mail*

/s **Ashley J. Burden**
Ashley J. Burden